Callison v. Autry.

---

## [371] CALLISON v. AUTRY AND WIFE, ADM'X.

Where several defendants are all served with process, and the judgment recites that "the parties appeared," the presumption is that the want of the indorsement of the filing by the clerk upon the answer of one of the defendants was a clerical omission. (Note 80.)

In the absence of a statement of facts, it is presumed, in support of the judgment, that every fact has been proved which could have been legally proved under the averments in the petition. The same presumption obtains in favor of a judgment by default.

An averment that the defendant ordered the note to be paid to the plaintiff is sufficient, in the absence of a special exception, to authorize the introduction of proof that the note was indorsed to the plaintiff by the defendant; and where there is no statement of facts, or where the judgment is by default, the presumption is that such was the fact.

Error from Houston. This suit was brought by the intestate of the defendants in error, in his life-time, against Joshua J. Hall and the plaintiff in error. The petition alleged that the defendant Hall, on the 14th day of December, 1842, "made his certain due bill in writing," whereby he "acknowledged that there was then due from him, said Hall, to J. Pinckney Henderson one thousand dollars for value received," and that said Henderson transferred said due bill to the defendant Callison without recourse; that said Callison "ordered" the said sum of money therein specified to be paid to the plaintiff, whereby the said defendants became indebted, &c.; concluding in the ordinary form of a petition upon a promissory note.

At the Fall Term, 1846, the defendant Hall filed his separate answer. There was also in the record what purported to be the separate answer of the defendant Callison, entitled of the Spring Term, 1847; but this answer did not appear to have been marked by the clerk as filed. The case was tried at the Fall Term, 1848, and there was a verdict and judgment thereon for the plaintiff. The judgment recited that "the parties, [372] by their attorneys, appeared in open court and joined issue; whereupon came a jury," &c.

The defendant Callison brought a writ of error.

*Thomas J. Jennings*, for plaintiff in error, argued that, the answer of Callison not being marked filed, the judgment as to him must be taken to be a judgment by default; that the averments of the petition did not amount to an allegation that the title to the note was in the plaintiff, (1 Chit. Pl., 700;) that if the averments of the petition could be construed to amount to an averment of a title, legal or equitable, sufficient to enable the plaintiff to maintain an action upon it against the maker, yet there is no sufficient allegation that the defendant indorsed the note or assigned it in writing, without which he would not be bound as indorser.

*Yoakum*, for the defendant in error, suggested delay.

WHEELER, J. The several errors assigned may be reduced to a single inquiry, which is, Is the averment that the defendant Callison "ordered" the contents of the note to be paid to the plaintiff a sufficient averment of title in the plaintiff after verdict to support the judgment?

This is not a judgment by default. The parties appeared in open court and joined issue. There was a jury and verdict. And although it does not appear that the answer was filed, there can scarcely be a doubt that this is a mere clerical omission. Both defendants had been duly served with process. And when it is said in the record that the parties appeared and joined issue, this must be understood of all the parties to the suit.

But there is no statement of facts, and even if this were to be regarded as a judgment final by default, we have heretofore decided that in support of the judgment we must presume every fact to have been proved which legally could have [**373**] been proved under the averments of the petition. (Hall *et al. v.* Jackson, 3 Tex. R., 305.) The question then is, could the plaintiff, under the averment in question, have proved an indorsement of the note by the defendant Callison? The averment is that the defendant "ordered" the contents of the note to be paid to the plaintiff. Why may not the proof have been that he so ordered the payment by his indorsement upon the note? That certainly would have been the legal mode of making the order. Had there been a statement of facts showing that this proof was in fact made, can there be a doubt that it must have been held sufficient after verdict to support the judgment? And the case is the same in principle.

Had there been a demurrer to the petition, it would have presented a different question. But the present is a question of the sufficiency of an averment, not upon demurrer, but after verdict. It is the case of a defective averment of title, which is cured by verdict; not that of the averment of a defective title, which can be taken advantage of as well after as before verdict. We think it clear that the judgment ought to be affirmed.

Judgment affirmed.

NOTE 80.—Hopkins v. Donaho, *ante,* 336.